

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Leo Presnell
County Attorney
Upshur County
Gilmer, Texas

Dear Sir:

Opinion No. O-5226
Re: Whether the Commissioners
Court of Upshur County has
the legal authority to al-
low a constable a stipulated
amount per month for expenses
of his office under the facts
stated and related matters.

Your letter of November 8, 1943, requested the opinion
of this department on the questions stated therein reads in part
as follows:

"STATEMENT

A constable of Upshur County has made a written
request of the Commissioners' Court that a fixed amount
of $50.00 per month be allowed him to be used as ex-
penses of his office, same to be paid out of the gen-
eral fund of the county. All precinct officers of Up-
shur County are on a fee basis, whereas county offi-
cers are on a salary basis. The precinct official does
not exceed any maximum amount in fees that are allowed
by law.

QUESTIONS

1. Does the Commissioners' Court have authority
to allow a constable a stipulated amount per month for
expenses of his office?

2. In case the precinct official in question
files monthly reports with the Commissioners' Court,

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Leo Presnell, page 2

showing in same a detailed report of expenses incurred by him in the discharge of the duties of his office, does the Commissioners' Court have the authority to allow from the general fund of the county the amount shown in the report?

3. In case the precinct official is serving on a fee basis in a county where all county officials have been placed on a salary basis, would this modify or change the answer to either of the above questions?"

Section (a) of Article 3899, Vernon's Annotated Civil Statutes, reads in part as follows:

"(a) At the close of each month of his tenure of office, each officer named herein who is compensated on a fee basis shall make, as part of the report now required by law, an itemized and sworn statement of all the actual and necessary expenses incurred by him in the conduct of his office, such as stationery, stamps, telephone, premiums on officials' bonds including the cost of surety bonds for his deputies, premium on fire, burglary, theft, robbery insurance protecting public funds, traveling expenses, and other necessary expenses; provided, that in addition to the officers named herein, the county treasurer, county auditor, county road commissioners, county school superintendent, and the hide and animal inspector shall likewise make a report on the premiums on officials' bonds, including the cost of surety bonds for any deputies, and said premiums shall be subject to payment out of the fees of said office, as herein otherwise provided for the officers named; and provided further that if any of the officers so designated are on a salary rather than a fee basis, then all such bond premiums for officers and their deputies shall be paid from the General Fund of the County. The Commissioners Court of the county of the sheriff's residence may, upon the written and sworn application of the sheriff stating the necessity therefor, purchase equipment for a Bureau of Criminal Identification such as cameras, fingerprint cards, inks, chemicals, microscopes, radio and laboratory equipment, filing cards, filing cabinets, tear gas, and other equipment in keeping with the system in use by the Department of Public

Honorable Leo Fresnell, page 3

Safety of this State or the United States Department
of Justice and/or Bureau of Criminal Identification.
If such expenses be incurred in connection with any
particular case, such statement shall name such case.
Such expense account shall be subject to the audit
of the county auditor, if any, otherwise by the Com-
missioners Court; and if it appears that any item of
such expense was not incurred by such officer or such
item was not a necessary expense of office, such item
shall be by such auditor or court rejected, in which
case the collections of such item may be adjudicated
in any court of competent jurisdiction. The amount
of salaries paid to assistants and deputies shall al-
so be clearly shown by such officer, giving the name,
position, and amount paid each; and in no event shall
any officer show any greater amount than actually paid
any such assistant or deputy. The amount of such ex-
penses, together with the amount of salaries paid to
assistants, deputies, and clerks, shall be paid out of
the fees earned by such officer. . . . . . "

It will be noted that the foregoing statute expressly
provides that the expenses incurred by any officer who is compen-
sated on a fee basis shall pay the expenses incurred by him in the
conduct of his office out of the fees earned by such officer. How-
ever, said section authorizes the Commissioners Court of the Coun-
ty of the Sheriff's residence upon the written and sworn applica-
tion of the Sheriff stating the necessity therefor to allow one or
more automobiles to be used by the Sheriff in the discharge of his
official duties to be purchased by the County and paid out of the
General Fund of the County. We are not concerned with this partic-
ular expense in this opinion; therefore, we deem it unnecessary to
discuss the same further.

In answer to your first question, you are especially ad-
vised that the Commissioners Court of Upshur County, under the facts
stated, has no legal authority to allow a constable a stipulated
amount for expenses incurred in the conduct of his office.

Answering your second question, you are advised that the
Commissioners Court has no legal authority to allow a constable who
is compensated on a fee basis any money whatsoever for expenses in-
curred by him in the conduct of his office from the General Fund or
any other fund of the county, that such expenses must be paid out
of the fees earned by such officer.

Honorable Leo Presnell, page 4

We now consider your third question. The fact that the county officials of said county are compensated on an annual salary basis would not modify or change the answers to the above first and second questions in your inquiry.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Ardell Williams_

Ardell Williams
Assistant

APPROVED NOV 26, 1945

_Gerald C. Mann_

ATTORNEY GENERAL OF TEXAS

AW:mb



APPROVED
OPINION
COMMITTEE
BY _BWB_
CHAIRMAN